

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 21, 2026**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 25-30097-SGJ-7** |
| **DAVID MICHAEL GODAT** | § | |
| | § | |
| | § | |
| | § | |
| **DEBTOR.** | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DAVID GODAT'S WAIVER OF DISCHARGE**

On July 14, 2026, came on before the Court a hearing (the "Hearing") on David Godat's *Motion for Waiver of Discharge*. [DE # 81]. Counsel for the United States Trustee ("UST") appeared in person. David Godat ("Debtor"), counsel for the Debtor, and the Chapter 7 Trustee appeared via WebEx. Despite the Court's email directive, the Debtor did not appear in person. As further explained herein, the Debtor has exhibited a pattern of nonappearance throughout this bankruptcy case. At the Hearing, the Debtor, under oath, stated that he had understood that he was

1

required to appear in person before the Court, but that he had not appeared before the Court in person because he had been "bumped off" of a Jet Blue flight to Dallas from Fort Lauderdale, Florida and that he was upset because his fiancée had been arrested by ICE the day before.

The Debtor testified that he understood the consequences of a waiver of discharge. Nevertheless, the Court considered it appropriate to have the UST present evidence at the Hearing relevant to the waiver of discharge.

The evidence showed that the Debtor, who listed in this case a residential address of 3601 Harvard Ave, Highland Park, Texas, but apparently now resides and is a plastic surgeon in the state of Florida, has been in a Chapter 7 bankruptcy case since January 7, 2025. Before that, the Debtor had a prior Chapter 7 bankruptcy case (Case No. 24-30681, filed March 7, 2024, and dismissed July 10, 2024), that was dismissed by the Debtor voluntarily without a discharge.[1] The Debtor filed the earlier case *pro se*. The Court takes judicial notice that, in the prior case, the Debtor presented to the Bankruptcy Clerk's Office identification in the form of a Texas Driver's License that showed the name of Peter Eric Godat. The Court has no further information in the record about who Peter Eric Godat is or why his proof of identification was used at the time of the filing of the first case. However, the court believes this is the Debtor's brother, based on information provided by the UST in Adv. Pro. No. 26-3025.[2]

In the current case, the Debtor did not appear at seven scheduled section 341 meetings.[3] The Court eventually entered an order compelling his attendance. [DE # 64]. He finally appeared and testified at the eighth scheduled section 341 meeting. Soon thereafter, on March 19, 2026, the UST filed a Complaint (the "Complaint"), in Adv. Pro. # 26-3025, objecting to the Debtor's

---

[1] Additionally, on January 24, 2024, GG Plastic Surgery Institute, P.A.—an entity in which the Debtor has an interest—filed a voluntary chapter 7 petition, initiating case 24-30196-swe-7.
[2] *See* DE # 1, ¶ 57 of Adv. Pro. No. 26-3025 (the "Complaint").
[3] *See* UST Exh. 1, DE # 87.

discharge, under section 727(a) for false oath, failure to maintain books and records, and concealment of assets. The Complaint stated that:

> Dr. Godat filed chapter 7 bankruptcy to discharge $3,620,193.00 in general unsecured debt. His sworn schedules and statements, which imply that Dr. Godat is a married self-employed doctor living in Dallas making only $15,000.00 each month, do not disclose his status as a high-earning plastic surgeon maintaining a lavish lifestyle that includes two separate Florida residences and luxury items for friends. Dr. Godat claims he does not maintain financial records because he operates on a cash-only basis.

Dr. Godat listed during this case interests in several pieces of real property in Dallas County, Texas, including a leasehold interest in 3601 Harvard with zero value on Schedule A/B but did not list any corresponding leases on Schedule G. [DE # 21, Schedules A/B and G]. Dr. Godat also listed 3601 Harvard as his employer's address on Schedule I. [DE # 21, Schedule I]. Apparently, Dr. Godat's brother (presumably the brother whose Driver's License was used to file the Debtor's first Chapter 7 case) owns the Highland Park house. Dr. Godat also owns the following pieces of real property: 12750 N. Central Expwy, Dallas, Texas, and 12550 N. Central Expwy, Dallas, Texas. [DE # 21, Schedule A/B]. Dr. Godat testified before the UST that he leases two Florida apartments: one in Miami for approximately $1,500.00 a month and another in Coral Gables for approximately $6,000.00 a month.[4] Dr. Godat originally scheduled two vehicles on his Original Schedule A/B: a 2021 Bentley Continental valued at $170,000.00; and a 2023 Ford Bronco valued at $40,000.00. [DE #21, Original Schedule A/B]. The 2021 Bentley Continental is apparently driven by his estranged wife, a social media influencer named Isabella Garofanelli, who has appeared in this case through counsel, seeking relief to pursue divorce proceedings that involved a postmarital agreement and rather sensational allegations. [DE # 37, 106 pages in length with attachments]. On March 7, 2025, Dr. Godat filed Amended Schedule A/B to include a 2022

---

[4] *See* Complaint, ¶ 59.

Aston Martin DBX valued at $138,300.00. [DE # 31]. On the same date Dr. Godat filed Amended Schedule D to include $143,296.55 owed to Bank of America for the 2022 Aston Martin DBX. [DE # 32].

According to the Complaint, Dr. Godat did not file pay advices with the Court in accordance with 11 U.S.C. § 521; instead, his counsel filed a statement indicating "he is self-employed and is unable to provide copies of pay stubs from 60 days prior to the petition date." The Debtor apparently testified at his section 341 meeting that he is working as a contractor at Miami Life Cosmetic Surgery ("Miami Life"), a plastic surgery practice located in Miami, Florida.[5] The website for this practice describes Dr. Godat as "[r]enowned for his expertise in abdominoplasty, liposuction, Brazilian Butt Lifts, and breast procedures. . . ."[6]

Dr. Godat contended on SOFA 4 that he grossed nothing in the year 2025 prior to the Petition Date; $93,364.36 in 2024; and $732,914.39 in 2023. [DE # 23]. Dr. Godat testified at his section 341 meeting that Miami Life pays him by check and that he cashes his paychecks at a check cashing store. Dr. Godat does not keep any records of the cash that he receives or pays out. Dr. Godat does not have any pay stubs that reflect how much money he earns every month. Dr. Godat does not pay taxes on any income earned from his contract plastic surgery work. Dr. Godat has not made any estimated tax payments since 2022.

These are just some of the highlights of the Complaint. Dr. Godat chose not to file an answer or defend the Complaint. Instead, he filed a Motion to Waive Discharge. [DE # 81]. A court must approve such a waiver, pursuant to the terms of section 727(a)(10).[7]

Dr. Godat swore to this Court on July 14, 2026, that he fully understands that, as a result

---

[5] *See* Complaint, ¶ 79.
[6] *Id.* at ¶ 80.
[7] *See* 11 U.S.C. 727(a)(10).

of waiving his discharge, none of his debt will be affected by his bankruptcy case and creditor collection rights are preserved.

The Court sets forth the above facts to show what was alleged, which is all very serious and, presumably, the reason that the Debtor chose not to fight for his discharge. The Court is very frustrated that the Debtor put the Court, Court staff, the UST, the Chapter 7 Trustee, and numerous parties through the trouble he did. Filing bankruptcy is a serious matter—one cannot simply say "never mind" when things don't go one's way. It's been said many times that bankruptcy is for the "honest but unfortunate" debtor.[8] This Court sees many "honest but unfortunate" debtors that are deserving of this Court's attention. Dr. Godat has not demonstrated these qualities.

For the reasons stated herein, and on the record on July 14, 2026, and in accordance with 11 U.S.C. § 727(a)(10), the Court **ORDERS** and **ADJUDGES** as follows:

---

[8] *Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743, 754–55 (5th Cir. 2008) (quoting *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007)).

1.    The Motion to Waive Discharge **IS GRANTED**;

2.    The Waiver of Discharge **IS APPROVED**; and

3.    The clerk is directed to provide notice to creditors in accordance with Federal Rule of

Bankruptcy Procedure 4004.

**\*\*\*\* END OF MEMORANDUM OPINION AND ORDER \*\*\*\***